Filed 2/18/15  P. v. Semoes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C076009 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F05195) |
| v. | |
| JEROME JAMES SEMOES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jerome James Semoes has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 6, 2013, David Crum saw suspicious activity at the home of Dona Jones so he called the police.  Officer Barron Cox responded to the call; the residence was open but it did not appear anything was missing.  Accordingly, Officer Cox secured

1

the residence and left. Later that evening, Jones returned to the residence and found things were in fact missing. She called the police and Officer Cox returned.

Jones and Officer Cox walked through the home. An air conditioning unit was removed from the bedroom window but was found on the ground outside the home. Jones also noted that a number of personal mementos were missing from inside the house. Jones and Officer Cox then went out to the garage and saw that a vent was removed from the exterior wall, leaving a hole in the wall. This hole appeared to be a point of entry into the garage.

The garage was divided into three rooms, each separated by a wall. Two of the walls were broken through, leaving behind holes three feet in diameter. Inside the garage Jones discovered a number of items were missing including a vintage pinball machine, air compressors, and a large standing toolbox.

On August 12, 2013, Jones contacted Officer Cox and told him the pinball machine missing from her garage was listed for sale on Craigslist. Cox searched Craigslist for any other items being sold by the same person; he found the same person was selling air compressors, saws, presses, and other "auto mechanic[']s type" tools. Jones identified several of the items for sale as items that may have been stolen from her garage.

Officer Cox reached out to Detective Gualco. Detective Gualco then contacted the phone number listed with the pinball machine and other items identified by Jones. Defendant answered the call and confirmed the listed items were still for sale. Detective Gualco arranged to meet defendant at his home to look at the pinball machine.

Later that evening, at defendant's home, Detective Gualco identified the pinball machine as the one stolen from Jones's garage. He called in other law enforcement officers and defendant was detained. Jones then went to defendant's residence and identified several items as items stolen from her garage, including the pinball machine, a lamp, several tools, two air compressors, and "grinders." Jones also recognized several

2

items that were taken from her bedroom: a movie projector and editor, a home movie camera, family videos, and picture slides. Defendant confirmed with Detective Gualco that a majority of the items Jones claimed did not belong to him.

The People subsequently charged defendant with second degree burglary of an uninhabited residence (Pen. Code, § 459)[1] and receipt of stolen property (§ 496, subd. (a)). Defendant pleaded not guilty.

Jury trial began on January 22, 2014. At trial, defendant testified he was an auto mechanic and considered himself pretty good with his hands. In his spare time, defendant would find broken items, fix them, and sell them on Craigslist. He found these broken items on the side of the road, on Craigslist, at estate sales, and helping friends clean out homes. At the time Jones's property was found in his garage, he had five or six items listed on Craigslist.

The day Jones's house was burglarized defendant drove his friend, Mike Worsham, to the house at Worsham's request. According to defendant's testimony, Worsham told defendant he purchased a lot of items in bulk and needed defendant's help picking everything up. In exchange for defendant's help, Worsham would give defendant some of the items he purchased.

Worsham directed defendant to the residence. When they arrived three people were already there and the garage doors were open. Defendant saw property being taken from the home and loaded into another vehicle. Defendant made three trips to Jones's residence that day. Each trip was brief and the items put in defendant's truck were found sitting on the ground outside the garage.

When defendant's truck was filled the first time, Worsham directed him to a residence in Orangevale where they dropped off several of the items taken from Jones's

---

[1] Undesignated statutory references are to the Penal Code.

3

house.  Worsham gave defendant an air compressor for his efforts and defendant left to have lunch with his wife.

After lunch defendant drove Worsham back to Jones's house.  Defendant did not get out of his truck and Worsham and a second friend (David McDade) loaded items that, again, were set outside the garage into defendant's truck.  At Worsham's direction, defendant then drove the truck to an address in Roseville and Worsham gave defendant a small air compressor and a tile saw for his efforts.

They went back to Jones's home and there were more things sitting in the driveway.  Defendant, Worsham, and McDade loaded the property into defendant's truck.  Defendant then drove to Worsham's house, unloaded some of the property there, and drove home.  According to defendant, Worsham gave him the pinball machine because Worsham did not think that it worked, but believed defendant could fix it.  Defendant also testified that most of the items Worsham gave to him had mechanical issues.

Following the submission of evidence, the trial court granted the People's motion to dismiss the burglary charge.  The jury then found defendant guilty of receiving stolen property and the trial court sentenced defendant to three years of formal probation.  Defendant appeals.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

4

                                                   __BLEASE_____, J.

We concur:

      __RAYE_____, P. J.

      __MURRAY_____, J.